## Burley Tobacco Company v. Miller.

(Decided October 29, 1913).

### Appeal from Clark Circuit Court.

Contracts—Employment—Verdict.—Where the only issue between the plaintiff and the defendant was as to the term of the contract

of plaintiff's employment, the evidence upon that issue was conflicting, and the court submitted that issue to the jury, under a proper instruction, the verdict of the jury will not bo disturbed.

PENDLETON, BUSH & BUSH for appellant.

JOUETT & JOUETT for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellee, Miller, was employed by the appellant, the Burley Tobacco Company, at a salary of $70.00 per month, to act as its general manager in receiving, grading and shipping tobacco which had been raised by the farmers of Clark County, and put into the 1909 Burley Tobacco Pool. Miller began work on January 1st, 1910, and was relieved from further duty on December 1, 1910. He was paid for his services to that date. Miller contends, however, that his contract was for as long a period as the appellant had any tobacco stored in Clark County, and that it did have tobacco stored in Clark County until April 28, 1911; while appellant contends the employment of Miller was by the month. Miller sued and obtained a judgment for $325.33, which was the full amount of his salary from December 1, 1910, to April 28, 1911, after crediting it with $20.00, which he had otherwise earned during that period. From that judgment defendant prosecutes this appeal.

As appellant has not complied with the rule of this court, which requires it to attach to its brief the points upon which it asks a reversal, we adopt the statement contained in the body of appellant's brief, that the appeal presents but one issue, namely, Did the appellant employ appellee ''for as long a period as it had any tobacco stored in said county?''

There was abundant evidence to sustain appellee's contention that the employment was for as long a period as appellant had any tobacco stored in the county. Several of the witnesses expressly say that appellee agreed to take what seemed to be a low salary upon the express statement and suggestion of Stucy and Saunders, who represented the appellant in the making of the contract, that appellee would be quite busy for a short while, but would have very little to do for part of the time, and that he could, for that reason, afford to accept the low salary suggested.

Appellant also raised not only the question of appellee's employment for the time he claimed, but the

further question whether he had been employed at all. Upon the subject of appellee's employment the proof was not uniform, since some of the witnesses testified that Miller was employed by the Clark County Board of Control, acting for the appellant, while others testified that Miller was merely recommended by the Clark County Board of Control, which had no authority to make a contract for appellant, and that no action was ever taken by appellant ratifying the recommendation, or employing Miller, although he worked for appellant from January to December, for which it paid him. In submitting to the jury the question of appellee's employment, and its extent, the court submitted both phases of the alleged contract of employment as presented by the conflicting testimony.

The instruction fairly presented to the jury the issues raised. It is perfectly apparent from the proof that appellant authorized the Clark County Board of Control to select a manager for appellant; that the Board of Control, acting upon that authority, recommended and selected Miller; that he went to work for appellant, and it accepted his services and paid him for the time he worked. Whether Miller's employment extended to the end of the season, was really the only disputed question; and as the jury have determined that issue, under a proper instruction, there is no reason for disturbing the verdict.

Judgment affirmed.